# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
**No. 18-1008V**
**Filed: December 6, 2019**
UNPUBLISHED

DANESSA SMITH,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

            Respondent.

Special Master Horner

Petitioner's Motion for Decision
Dismissing Petition; Hep B
vaccine; Lichen Planus

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DISMISSAL DECISION[1]

On July 13, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered Lichen Planus as a result of her receipt of the Hepatitis B vaccination on June 18, 2016.   (ECF No. 1.) On April 23, 2019, respondent filed a Rule 4(c) Report recommending that compensation be denied.   (ECF No. 21.)

On September 23, 2019, petitioner filed a status report indicating that petitioner was unable to file an expert report and proposing to "inform the court how she wishes to proceed (i.e. finding an alternative to address the issues outline in respondent's Rule 4(c) report or voluntarily exiting the program)." (ECF No. 34.)   On November 6, 2019, petitioner filed a further status report, proposing to file a letter from her treating physician to support her claim.   (ECF No. 35.)

However, on December 6, 2019, petitioner filed a Motion for a Decision Dismissing her Petition, stating that "[a]n investigation of the facts and science

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).   **This means the decision will be available to anyone with access to the Internet.**   In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."   (ECF No. 36.)   Petitioner further stated that she "understands that a decision by the Special Master dismissing her petitioner will result in a judgment against her," and "has been advised that such judgment will end all of her rights in the Vaccine Program."   (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.   *See* §§ 13(a)(1)(A) and 11(c)(1).   To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."   *Althen v. Sec'y of Health and Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).   The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the special master from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."   Further, petitioner's medical records do not support her allegations by a preponderance of the evidence and she did not file a medical opinion from an expert in support of her allegations.   Accordingly, the undersigned **GRANTS** petitioner's Motion for a Decision Dismissing her Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.   In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).