# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1008V
Filed: August 27, 2020
UNPUBLISHED

| | |
|---|---|
| DANESSA SMITH,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs Decision |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 1, 2020, petitioner moved for an award of final attorneys' fees and costs in the amount of $13,070.34. (ECF No. 42.) In response, respondent deferred to the discretion of the special master to award fees and costs if the special master is satisfied that this case was filed and proceeded with a reasonable basis. (ECF No. 43.) For the reasons discussed below, I award petitioner final attorneys' fees and costs in reduced amount of $12,856.54.

### I. Procedural History

On July 13, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered Lichen Planus as a result of her receipt of the Hepatitis B vaccination on June 18, 2016. (ECF No. 1.) This case was originally assigned to Special Master Sanders. (ECF No. 4.) On April 23, 2019, respondent filed a Rule 4(c) Report recommending that compensation be

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

denied.  (ECF No. 21.)  Specifically, respondent indicated that petitioner had a dermatological condition prior to vaccination.  (*Id.* at 5.)

Subsequently, petitioner intended to file additional evidence to address the concerns raised in respondent's report including a letter from petitioner's treating physician, Dr. Jamie Khemraj, describing the nature of petitioner's dermatological condition pre and post vaccination.  (ECF No. 31.)  On August 29, 2020, this case was reassigned to my docket.  (ECF No. 33.)

On September 23, 2019, petitioner filed a status report indicating that petitioner was unable to file an expert report and proposing to "inform the court how she wishes to proceed (i.e. finding an alternative to address the issues outline in respondent's Rule 4(c) report or voluntarily exiting the program)."  (ECF No. 34.)  On November 6, 2019, petitioner filed a further status report, proposing to file a letter from a different treating physician, Dr. Hugo Cocucci, to support her claim.  (ECF No. 35.)  However, on December 6, 2019, petitioner filed a Motion for a Decision Dismissing her Petition, stating that "[a]n investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."  (ECF No. 36.)  Petitioner's motion was granted, and her petition was dismissed on December 6, 2019.  (ECF No. 37.)

Petitioner filed this instant motion for final attorneys' fees and costs on June 1, 2020 and respondent file his response on June 8, 2020.  (ECF Nos. 42, 43.)  No reply was filed.  Accordingly, petitioner's motion for final attorneys' fees and costs is now ripe for resolution.

**II.     Discussion**

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Upon review of the records, there is no evidence that this petition was not brought in good faith and petitioner had reasonable basis to pursue her claim.

Petitioner's medical records show that she experienced onset of a rash (later diagnosed as lichen planus) with rapid progression temporally proximate to her vaccination (within one month) and that petitioner associated onset of that condition to her Hepatitis B vaccination at the time of first treatment.  (Ex. 5, p. 3; Ex. 3, p. 5.)  Although respondent raised the presence of a prior dermatological condition that was similar by description, the contemporaneous medical records reflect that she reportedly "has never had a rash like this before."  (Ex. 5, p. 3.)  Moreover, in raising this issue respondent did not address whether petitioner could have alternatively pursued a claim based on a significant aggravation if, in fact, her prior dermatological condition was also

2

lichen planus.  (ECF No. 21, p. 5.)   There are no significant prior decisions addressing vaccine-causation of lichen planus; however, prior cases alleging lichen planus following vaccination have been compensated in the form of settlements, including a prior case involving vaccination for Hepatitis B.  *See Harrison v. Sec'y of Health & Human Servs.*, No. 14-339V, 2016 WL 6583721 (Fed. Cl. Spec. Mstr. Oct. 13, 2016); *Gilerman v. Sec'y of Health & Human Servs.*, No. 15-624V, 2016 WL 5107094 (Fed. Cl. Spec. Mstr. Aug. 23, 2016).

Turning to the amount of petitioner's request, it is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing*.  See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

In this case, petitioner is seeking $12,234.60 in attorneys' fees for work performed in 2016-2020.  I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for 2016 through 2020 for attorney time and paralegal time, are all reasonable and in accord with prior awards made by other special masters as well as the above-discussed Attorneys' Forum Hourly Rate Fee Schedules.[2]  However, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for attending the same meetings.  For duplicative entries, only hours billed by Ms. McCullough, the lead attorney in this case,

---

[2] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, and 2020 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

will be awarded. These duplicative billing entries result in a reduction of **$213.80** of the fee award.[3]

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). In this case, petitioner seeks $835.74 in attorneys' costs, including expenses incurred in obtaining medical records and filing the petition. I have reviewed the expense records and supporting documentation submitted with petitioner's request, and I find that the requested attorneys' costs are all reasonable.

### III.  Conclusion

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, petitioner's motion for an award of final attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $12,856.54 in final attorneys' fees and costs, representing $12,020.80 in attorneys' fees and $835.74 in attorneys' costs.

**Accordingly, I award the total of $12,856.54 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Bridget Candace McCullough.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/Daniel T. Horner**
> Daniel T. Horner
> Special Master

---

[3] There were duplicative entries, where the same meeting was billed by both participants, on January 25, 2018, February 7, 2018, May 15, 2018, June 28, 2018, March 29, 2019, April 8, 2019, and May 23, 2019.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.